IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANO JUSTICE SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3105 |
| | ) | |
| CYRIL WOODSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff's Motion to Reconsider (d/e 49) (Motion). Plaintiff Jano Justice Systems, Inc. (Jano Justice) asks the Court to reconsider its Opinion entered September 16, 2009 (d/e 49) (Opinion) granting Defendant Cyril Woodson's request for partial summary judgment on Count I of the Complaint (d/e 1). The Court sees no reason to reconsider. The Motion is denied.

As the Court explained, the evidence showed that Woodson entered into an Employment Agreement (Agreement) with Jano Data Systems, Inc. (Jano Data). The Agreement included a restrictive covenant that lasted for two years after he left Jano Data's employ. The owners of Jano Data, Sam

1

Burton and Vasco Bridges, Jr., then started Jano Justice. By September 2002, Woodson left Jano Data and went to work for Jano Justice. The two-year restrictive covenant, therefore, started running in September 2002. Woodson then left Jano Justice's employ in 2006. By then, the two-year period on the covenant had expired. Jano Justice, therefore, cannot now enforce the restrictive covenant. Opinion, at 6.

The Court noted in the Opinion that Jano Justice submitted unauthenticated Corporate Minutes of the Board of Directors of Jano Data (Corporate Minutes) to support its position. Jano Justice has now authenticated the Corporate Minutes. Motion, attached Affidavit of Vasco Bridges. The Corporate Minutes authorized the transfer of all of Jano Data's assets and liabilities to Jano Justice. The Corporate Minutes were dated April 23, 2003. When read favorably to Jano Justice, the Corporate Minutes showed that Jano Data transferred its assets, including the Agreement, to Jano Justice on April 23, 2003. Woodson, however, left Jano Data's employ before September 2002. Thus, on April 23, 2003, all Jano Data transferred to Jano Justice was the right to enforce the covenant for the remainder of the two-year term. By 2006, that term had expired. See Opinion, at 6-7. The Court sees no reason to reconsider.

Jano Justice also argues that Woodson's Affidavit attached to the Motion for Summary Judgment is misleading. Motion, at 2; see Defendant's Motion for Summary Judgment (d/e 44), Exhbit A, Affidavit of Cyril Woodson. Jano Justice, however, presents no evidence to support that argument. The Corporate Minutes do not show that Woodson's Affidavit is misleading. Jano Justice presents no other evidence to contradict Woodson's Affidavit.

Moreover, the deposition of Vasco Bridges, Jano Justice's principal, supports the Court's findings. Bridges stated in his deposition that Jano Justice was initially set up in 2001 as a separate corporation from Jano Data. Defendant's Motion for Summary Judgment (d/e 44), Exhibit D, Deposition of Vasco L. Bridges, Jr., at 22. He further stated in his deposition that Jano Data ceased to exist a year and a few months after he and Burton started Jano Justice. Id., at 24. This is consistent with Woodson's Affidavit and the Corporate Minutes. This evidence shows: (1) Jano Justice started in 2001; (2) Jano Data and Jano Justice both existed in 2002; (3) Woodson switched his employment from Jano Data to Jano Justice in 2002; and (4) Jano Justice took over Jano Data's assets and liabilities on April 23, 2003. The evidence, again, shows that the two-year term of the restrictive

covenant in the Agreement started to run in 2002 when Woodson left Jano Data. The covenant expired long before Woodson left Jano Justice in 2006. The Court sees no reason to reconsider the Opinion.

THEREFORE, Plaintiff's Motion to Reconsider (d/e 49) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: November 17, 2009

    FOR THE COURT:

                                         s/ Jeanne E. Scott
                                         JEANNE E. SCOTT
                                         UNITED STATES DISTRICT JUDGE